IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ORION WORLDWIDE TRAVEL, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:09cv1148 (JCC) |
| COMMONWEALTH FOREIGN EXCHANGE,) | |
| Inc. ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on a Motion to Dismiss the above-captioned action for improper venue filed by Defendant Commonwealth Foreign Exchange, Inc. pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a). The Plaintiff has not filed a timely Opposition. For the following reasons the Court will grant Defendant's motion.

**I.   Background**

Defendant Commonwealth Foreign Exchange, Inc. ("Defendant" or "Commonwealth") is a Rhode Island Corporation that provides foreign exchange services to commercial entities. (Compl. ¶ 4; Declaration of Timothy Cote ("Cote Decl.") ¶ 1.)[1] On September 4, 2007, Plaintiff Orion Worldwide Travel, Inc.

---

[1] In the Fourth Circuit, in reviewing of a 12(b)(3) motion, the Court may "freely consider evidence outside the pleadings." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 (4th Cir. 2006).

("Plaintiff"), entered into a written agreement with Commonwealth, entitled the "Foreign Exchange Agreement" (the "F.E.A."), that outlines the relationship between the parties in future currency transactions.  (Cote Decl. ¶ 2 & Ex. A. (the F.E.A.))  The parties agreed that the F.E.A "shall be governed by Rhode Island's substantive law and exclusive jurisdiction, sole venue and proper forum for all such matters shall be in Rhode Island located courts."  (Cote Decl. Ex. A.)  The parties also agreed that the F.E.A. "*shall* govern *all transactions* between [Defendant] and [Plaintiff]."  (Id.)(emphasis added).  From February 5, 2008 to September 22, 2008, Commonwealth and Plaintiff entered into eight "forward contracts" for specific currency transactions.  (Cote Decl. ¶ 5.)  Plaintiff's allegations are focused on three specific forward contracts entered into on March 19, March 25, and September 22, 2008.  (Compl. ¶ 7.)  Specifically, Plaintiff contends that the parties entered into an agreement to modify these three contracts so that Plaintiff could extend the time that payment was due to the Defendant.  (Comp. ¶ 8.)  Plaintiff further alleges that Defendant breached the terms of these modified forward agreements, unjustly enriched itself by withholding funds from Plaintiff, and made false representations of material facts in its alleged "agreement" to modify the terms of the forward

contracts (all allegations that the Defendant disputes).  (See Compl. ¶¶ 9-49; Defendant's Motion to Dismiss 3.)

On July 29, 2009 Plaintiff filed its complaint in the Circuit Court of the City of Alexandria and service was affected on Defendant on October 7, 2009.  (Def.'s Mot. to Dismiss 2.) Defendant removed the action to this Court on October 9, 2009. (Dkt. 1.)  On October 27, 2009, Defendant moved to dismiss this action based on improper venue under Federal Rule of Civil Procedure 12(b)(3).  Plaintiff has not opposed.  This unopposed motion to dismiss is now before the Court.

## II.  Standard of Review

A motion to dismiss based on a forum selection clause is properly brought under Rule 12(b)(3). *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) (rejecting approaches in other Circuits using the standards outlined in Fed. R. Civ. P. 12(b)(1) and 12(b)(6)). The plaintiff's allegations are not taken as admitted, as would be the case under a Rule 12(b)(6) motion and the Court may "freely consider evidence outside the pleadings."[2] *Id*.  "Once venue is challenged, the plaintiff bears the burden of establishing that venue is proper."  *Rice Contracting Corp. v. Callas Contractors, Inc.*, 1:08cv1163, 2009 WL 21597 (E.D.Va. Jan. 2, 2009)(*citing*

---

[2] In so doing, the Court does not convert the motion to dismiss into one for summary judgment. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *Richmond, F. & P. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

*Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812,816 (4th Cir. 1979)(*overruled on other grounds* by *Ratino v. Med. Serv. of D.C.*, 718 F.2d 1260 (4th Cir. 1983)).

### III. Analysis

A. <u>Permissive or Mandatory Venue</u>

When determining the import of a forum selection clause the Court must first examine whether the clause is mandatory or permissive. *See Rice Contracting*, 2009 WL 21597 *2; *Garrett v. Gulf Stream Coach, Inc.*, No. 3:08cv792, Slip Copy, 2009 WL 936297, at *6 (E.D. Va. Apr. 7, 2009) (citing *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 856 (D. Md. 2009). A mandatory forum selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." *Garrett*, 2009 WL 936297, at *2; *citing TECH USA*, 592 F.Supp.2d at 856 (quotation omitted).

Here the language of the F.E.A. is unambiguous as to venue. By the agreed upon terms of the F.E.A. the "Agreement shall be governed by Rhode Island's substantive law and exclusive jurisdiction, sole venue and proper forum for all such matters shall be in Rhode Island located courts." (Cote Decl. Ex. A.) When a "forum selection clause contains language unambiguously indicating that the venue indicated is the exclusive venue in which claims can be brought" such a clause is mandatory. *Garrett*, at *3 *citing* R*ice Contracting,* at *2. The

language of forum selection clause in the F.E.A. is unambiguous thus the forum selection clause is mandatory.

    B.    <u>Enforcement of the Forum Selection Clause</u>

Given that the mandatory forum selection clause contained in the F.E.A. governs the "forward contracts" between the parties that are both incidental to the F.E.A. and at issue in this litigation, the Court must now determine if the F.E.A.'s forum selection clause is enforceable.  The Fourth Circuit has not yet determined whether state or federal law applies when deciding whether or not to enforce a forum selection clause in a diversity case.[3]  In the Eastern District of Virginia, such a determination is not necessary as the Virginia Supreme Court has adopted the United States Supreme Court's holding in *The Bremen v. Zapata Off-Shore Co.* (407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) that a forum-selection clause is *prima facie* valid and should be enforced unless "unreasonable" under the

---

[3] The Fourth Circuit has indicated in an unpublished opinion that state law applies, *see Nutter v. New Rents, Inc.,* No. 90-2493, 1991 WL 193490 (4th Cir. Oct.1, 1991), however, it has also favorably cited a concurrence by Justice Kennedy supporting the use of federal standards governing the enforceability of forum selection clauses in diversity cases. *See Vulcan Chemical Technologies, Inc. v. Barker,* 297 F.3d 332, 339 (4th Cir.2002), citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22, (1988) (Kennedy, J., concurring); Courts in this District have noted that both Federal and Virginia law both hold forum selection clauses presumptively valid, and have proceeded under Federal law.  See e.g. *The Hipage Co., Inc. v. Access2Go, Inc.*  589 F.Supp.2d 602, 11 (E.D.Va.,2008)(applying federal law to resolve whether the forum selection clause is enforceable); *Rice,* at *3. See also, Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG,* 560 F.Supp.2d 432, 437-38 (W.D.N.C.2008)(collecting cases); *Red Light, LLC v. Am. Traffic Solutions, Inc.,* 2006 WL 463569, at *2 (D.S.C.2006)("Federal law governs a district court's decision to enforce or not enforce a forum selection clause").

circumstances. *Paul Business Systems, Inc. v. Cannon U.S.A., Inc.* 240 Va. 337, 342 (Va. 1990.)  Either party may overcome this presumption of validity by showing that the forum-selection clause is "unreasonable," as evidenced by the following factors: (1) formation was induced by fraud or overreaching, (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum, (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy, or (4) enforcement of the forum-selection clause would contravene a strong public policy of the forum state. *Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir. 1996) (summarizing *Bremen,* 407 U.S. at 12-18).  The burden of proving the unreasonableness of a forum-selection clause is a heavy one, which the disputing party to "clearly show that enforcement would be unreasonable and unjust."  *Bremen,* 407 U.S. at 15. *See also Carnival Cruise Lines v. Shute,* 499 U.S. 585, 592, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).  The Plaintiff has not filed any opposition to Defendant's motion to dismiss for improper venue or made any showing that the forum selection clause should be set aside. Nevertheless, this Court will evaluate the reasonableness of the forum selection clause before passing judgment on Defendant's Motion.

*1.     Fraud and Over-Reaching*

While Plaintiff's Complaint does contain allegations of fraud (Compl. ¶¶ 34-49), there are no allegations that the F.E.A. containing the forum selection clause was induced by Defendant's fraud or overreaching.  The fraud allegation arises out of the alleged modification of the "forward contracts" and the issue of forum selection is not mentioned in the Complaint. *See Hipage Co.,* 589 F. Supp. at 612 (plaintiff failed to allege in complaint that forum selection clause was induced by fraud or overreaching).  Furthermore, as Plaintiff has not opposed Defendant's Motion to Dismiss or addressed the issues in its Complaint if cannot meet its "heavy burden" of showing the clause was induced by fraud.  See *Bremen*, 407 U.S. at 17.

*2.     Convenience of the Selected Forum*

When dealing with large companies in a case founded on diversity, it is often the case that "no matter which forum is selected, one side or the other will be burdened with bringing themselves and their witnesses from far away." *Brock v. Entre Computer Centers, Inc.*, 933 F.3d 1253, 1258 (4th Cir. 1991).  As Plaintiff does not oppose the motion to dismiss the Court cannot evaluate any arguments it might have regarding its inconvenience.  The Court does note that the Fourth Circuit has enforced a forum selection clause finding that the proper venue for a particular action was in England, rather than the Eastern

District of Virginia, despite the fact that there were conflicts between United States and Great Britain's securities law. *Allen*, 94 F.3d at 928-32. Similarly, in *Sucampo Pharmaceuticals, Inc.,* the Fourth Circuit enforced a forum selection clause of the "Basic Agreement" in finding that it determined the proper forum for disputes regarding the related "incidental agreements" at issue in the Complaint and, thus, the proper venue for the suit was in the District Court in Tokyo Japan rather than the District Court of Maryland. *Sucampo,* 471 F. 3d 544. Given the tremendous inconvenience of trying a case in a foreign country did not make the enforcement of those contracts "unreasonable," this Court will not find that Orion would suffer grave inconvenience filing a Complaint in Rhode Island.

        3.   *Fundamental Fairness of the Chosen Law*

Plaintiff has asserted three causes of action – breach of contract, *quantum meruit*, and fraud – all of which are basic common law claims rather than Virginia specific statutory claims. Furthermore, the forum selection clause specifically provides that Rhode Island substantive law applies to any dispute arising under the Foreign Exchange Agreement. (Cote Decl. Ex. A.) As the Plaintiff has not opposed the motion to dismiss or presented the Court with any argument regarding the fundamental fairness of Rhode Island common law, this Court

finds that no issues of fundamental fairness exist that might preclude Plaintiff from seeking redress for its grievances under Rhode Island's substantive law in courts located in Rhode Island.

### 4. *Public Policy*

Finally, the enforcement of the forum selection clause contracted for in the F.E.A. would not contravene public policy. The Supreme Court has held that choice of forum and choice of law provisions have presumptive validity based in part on the public policy of the freedom of contract and specifically rejected the "parochial concept" that "notwithstanding solemn contracts ... all disputes must be resolved under our laws and in our courts." *Breman,* 407 U.S. at 9.  As stated above in III.C.2, the Fourth Circuit has found that forum selection clauses requiring that foreign court's were the proper forum for civil actions did not so contravene public policy as to make the clause unreasonable. *See Sucampo,* 471 F. 3d 544; *Allen*, 94 F.3d at 928-32.  Given this high bar and the Plaintiff's failure to raise any argument regarding why public policy would dictate this Court vitiating the forum selection clause of the F.E.A., this Court finds that the clause is not unreasonable and is thus an enforceable clause.

C.  Applicability of the Forum Selection Clause to the "Forward Contracts"

In the Fourth Circuit, when a primary contract governing the transactions between two parties contains a forum selection clause, such a clause will apply to incidental agreements entered into pursuant to the original contract. *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.* 471 F.3d 544, 551 (4th Cir., 2006)(holding that because a subsequent agreement was incidental to the Basic License Agreement, the forum-selection clause contained in the Basic License Agreement governed the plaintiff's claims regarding the subsequent agreement).  In the instant case, the F.E.A., by its terms, "shall govern all transactions between [Defendant] and [Plaintiff]."  (Cote Decl. Ex. A.)  The "forward contracts" at the center of the Plaintiff's allegations fall within the definition of "transactions" between the parties and are incidental to that agreement and thus governed by the terms of the F.E.A., including the mandatory forum selection clause.

### IV. Conclusion

For these reasons, the Court will grant Defendant's unopposed Motion to Dismiss for Improper Venue.  An appropriate Order will issue.

|  |  |
|---|---|
| November 20, 2009 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |